Case 6:22-cv-00835-ADA   Document 1   Filed 08/03/22   Page 1 of 10

FILED
August 03, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____SM_____
DEPUTY

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE Western DISTRICT OF TEXAS
### Waco DIVISION

Andrie L. Smith #1034584
**Plaintiff's Name and ID Number**

Alfred Hughes Unit
**Place of Confinement**

CASE NO. __6:22-cv-835__
(Clerk will assign the number)

v.

Lawance Lighten Alfred Hughes 3201 FM929 Gatesville, TX 76597
Michelle Washburn Alfred Hughes 3201 FM 929 Gatesville, TX 76597
Ashley Curry Alfred Hughes 3201 FM 929 Gatesville, TX 76597
**Defendant's Name and Address**

Micheal Voyles Alfred Hughes 3201 FM 929 Gatesville, TX 76597
Jennifer Coalston Alfred Hughes 3201 FM 929 Gatesville, TX 76597
**Defendant's Name and Address**

Micheal Alsobrook Alfred Hughes 3201 FM 929 Gatesville TX 76597

**Defendant's Name and Address**
( DO NOT USE "ET AL.")

Jury Trial Demanded

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. **PREVIOUS LAWSUITS:**

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES _X_ NO

    B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: _____

        2. Parties to previous lawsuit:

           Plaintiff(s) _____

           Defendant(s) _____

        3. Court: (If federal, name the district; if state, name the county.) _____

        4. Cause number: _____

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?) _____

        7. Approximate date of disposition: _____

Rev. 05/15

II.   PLACE OF PRESENT CONFINEMENT: __Alfred Hughes__

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   __X__ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Andrie L. Smith# 1034584, Alfred Hughes 3201 FM 929 Gatesville, TX 76597

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Lawrence Lighten is former correctional Major was employed at Alfred Hughes 3201 FM Gatesville, TX 76597. He is sued in his individual capacity.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Conspiracy to discriminate and retaliate for exercise of constitutional rights for submittal of grievances.

Defendant #2: Michelle Washburn is a case manager at Unit Classification Committee, Alfred Hughes 3201 FM 929 Gatesville, TX 76597. She is sued in her individual capacity.

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Conspiracy to discriminate and retaliate for exercise of constitution rights for submittal of grievances.

Defendant #3: Ashley Curry is grievance investigator is employed at Alfred Hughes 3201 FM929 Gatesville, TX 76597. She is sued in her individual capacity.

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Conspiracy to discriminate and retaliate for exercise of constitution rights for submittal of grievances.

Defendant #4: Micheal Voyles is a correctional Major is employed at Alfred Hughes 3201 FM 929 Gatesville, TX 76597. He is sued in his individual capacity.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Conspiracy to discriminate and retaliate for exercise of constitution rights for submittal of grievances.

Defendant #5: Jennifer Coalston is the mailroom's supervisor is employed at Alfred Hughes 3201 FM 929 Gatesville, TX 76597. She is sued in her individual capacity.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Conspiracy to violate due process and retaliate for exercise of constitution rights for submittal of grievances.

Rev. 05/15

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

attached pages with exhibits!

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

attached pages for relief!

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
Andre Smith

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
00587993; 517507

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES _X_ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

　　1. Court that imposed sanctions (if federal, give the district and division): _____

　　2. Case number: _____

　　3. Approximate date sanctions were imposed: _____

　　4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

Rev. 05/15

Defendant #6: <u>Micheal Alsobrook was assistant warden Alfred D.Hughes Unit 3201FM 929, Gatesvilles,TX76597. He is sued in his individual and official capacity.</u>

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. <u>Conspiracy to violate Plaintiff's due process and retaliation for exercise of constitutional rights</u> for submittal of grievances.

7. On December 2,2013, Plaintiff was transferred to McConnell Unit as a result of a letter that Robert W. Virden sent to the Ombudsman April 1,2013. And prior filed Civil Action No.6:10-CV-00204 against prison staff. see exhibit A

8. On January 1,2020, Plaintiff was transferred back to the Hughes Unit for hardship.

9. Since January 6,2020, Plaintiff arrived, the Hughes Unit prison official's conspiratorial practice to violate Plaintiff's fourteenth and first amendment right for submittal of I-127 (P.D.22.12 r.25,24).

10. Defendant Washburn when Plaintiff arrived she refused to house him back in the dorms. Plaintiff was assigned to 19 dorm at McConnell while waitting transfer. Defendant Washburn told him to submit an I-60. But all I-60s Plaintiff received back said, "not dorm eligible."

11. Instead defendant Washburn started housing Plaintiff with Problematic and combatived inmates. With punitive and harassing cell searches to dissuade submittal of I-127. see exhibit B

12. As a result on December 22,2020, Defendants Major Lighten, Curry, and Washburn failed to notify and allow Plaintiff to be present at UUC review. When routine classification decisions are made. Instead downgraded Plaintiff for one disciplinary case#20210067001.

13. On December 22,2020, Defendant Curry returned I-127, that Plaintiff submitted against Sergeant Southenland the same day defendants made their decision to downgrade Plaintiff to G5. see exhibit C

14. On May 19,2021, Jpod one section cell2. Plaintiff received two letters with "RTS-DIS-CHARGED" written on the envelopes. However, this not the first time defendant Coalston's mailroom has tampered with Plaintiff's mail. see exhibit D

15. Defendant Coalston continue to allow unknown officials to impede Plaintiff's outgoing and incoming letters either from or to oraganizations Plaintiff reach out for legal aid with no reason given. Plaintiff are not being notified of this mail denial.

1.

16. Furthermore, defendant Alsobrook was informed by Plaintiff but failed to take action to curb the officials from the afore-mention acks and tampering with Plaintiff's mail.

17. On May 25, 2022, Defendants Voyles and Washburn criminal pattern contiune manifold reprisals to exclusion Plaintiff from Unit Classification review. Due to his institution adjustment after during one year G5 and six months G4. Defendants duty were to upgraded Plaintiff according to policy.

18. As a results defendants failed to treat Plaintiff equal as the same as Lacano. They knew or should have known inmate Lazcano was only downgraded to G4 and timely upgraded to G2. For infraction for the same offense Code2.2- fighting or assaulting w/a weapon that resulted serious injury "a fabricated bite." see exhibit B

## Relief Requested

Wherefore, Plaintiff requests that this court grant the following relief:

A. Declare that defendants Lighten, Curry, Washburn, and Voyles failed to guarantee equal protection of the law. That violated Plaintiff's fourteenth and first amendment rights.

B. Declare that defendants Lighten, Curry, Washburn, Voyles, Coalston, and Alsobrook violated Plaintiff's first amendment right. And not to be retaliated against for filing lawsuit.

C. Issue an injunction ordering defendants Voyles and Washburn, or their agents to:
   1. Release the plaintiff from punitive G4 and place him in G2. With restoration of all rights and privileges to the dorms.
   2. Immediately stop censored and tampering with Plaintiff's mail.

D. Award compensatory damages in the following amount:
   1. $100,000 jointly and severally against defendants Lighten, Curry, Washburn, and Voyles, including emotional injury resulting from their denial of fourteenth and first amendment in connection with the Plaintiff' Unit Classification Committee proceeding.

2.

2. $50,000 jointly and severally defendants Coalston and Alsobrook for emotional injury resulting from their failure to provide adquate notice for censoring and tempering of Plaintiff's mail.

E. Award punitive damages in the following amounts:

1. $20,000 each against defendants Lighten, Curry, Washburn, and Voyles.

2. $10,000 each against defendants Coalston and Alsobrook.

F. Grant such other relief as it may appear that Plaintiff entitled.

3.

C. Has any court ever warned or notified you that sanctions could be imposed?   ___ YES  _x_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date warning was issued: _____

Executed on: 7-10-2022
              DATE

_Andrie P. Smith_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___10___ day of ___July___, 20 _22_.
            (Day)              (month)              (year)

_Andrie P. Smith_
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

Andrie L. Smith #1034584

Hughes Unit

3201 FM 929

Gatesville, TX 76597

July 8, 2022

USDC Western

800 Franklin Ave RM 380

Waco TX 76701

Dear Clerk:

Enclosed is an original and one copy of my complaint with exhibits attached; In forma pauperis to be filed with the court.

Sincerely,

Andrie Smith

Enclosure : Step 1&2 grievances